```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS


JOSE GARZA,

                    Plaintiff,

          v.                           CASE NO.  09-3144-SAC

L.C.M.H.F.,

                    Defendants.

JOSE GARZA

                    Plaintiff,

          v.                           CASE NO.  09-3145-SAC

CORRECT CARE SOLUTIONS,
contracted with L.C.M.H.F.,
```

## O R D E R

These two civil rights complaints, 42 U.S.C. § 1983, were filed by an inmate of the Larned Correctional Mental Health Facility, Larned, Kansas (LCMHF). Plaintiff asserts a constitutional denial of medical treatment following a sexual assault that allegedly occurred six years ago at Lansing Correctional Facility (LCF). Because these two complaints are based upon the same set of facts and the defendant named in Case No. 09-3145 is the same as a defendant named in 09-3144, the court finds these actions should be consolidated for all purposes. The lead case shall be Case No. 09-3144. All pleadings received hereafter from plaintiff in either of these cases are to be filed by the clerk in case No. 09-3144 only. Plaintiff is directed to write Case No. 09-3144 in the caption on all pleadings he submits from now on in either of these two cases. Having considered the two form complaints filed by plaintiff, the

court finds as follows.

Plaintiff has recently filed several cases in this court. In Case No. 09-3144, he improperly names different defendants in the caption than in section 2 of the complaint, where he was supposed to include personal information about each defendant named in the caption. He names only one defendant in the caption, LCMHF. Then in section 2, he does not provide information for or even name defendant LCMHF. Instead, he names Karen Rohling, Warden, LCMHF; and Correct Care Solutions (CCS), "Health Care Provider for LCMHF." Plaintiff should have named exactly the same defendants in the caption and in section 2. Liberally construing this complaint, the court considers the following to be the defendants named in Case No. 09-3144: LCMHF, Karen Rohling, and CCS at LCMHF. In 09-3145, the defendant is CCS at LCMHF.

**FILING FEE OBLIGATIONS**

Plaintiff has filed an Application for Leave to Proceed without Prepayment of Fees (Doc. 2) in both cases. He has also filed prior cases, in which he was granted leave to proceed without prepayment of fees. He is reminded that under the Prisoner Litigation Reform Act a prisoner litigant is required to pay the full district court filing fee of $350.00 for each civil action filed by him. 28 U.S.C. § 1915(b)(1). The granting of leave to proceed without prepayment of fees merely entitles him to pay the filing fee(s) he incurs over time with periodic payments from his inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Plaintiff has outstanding fee

obligations in his prior cases[1]. Because any funds advanced to the court by plaintiff on his behalf must first be applied to plaintiff's outstanding fee obligations, the court grants plaintiff leave to proceed without prepayment of fees in the instant consolidated matter. Plaintiff is hereby notified that collection of the full district court filing fee in this case shall begin upon his satisfaction of his prior fee obligations in his previously filed cases. The Finance Office of the Facility where plaintiff is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until all plaintiff's outstanding filing fee obligations have been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy his filing fee obligations, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**REPETITIVE COMPLAINTS**

Plaintiff recently filed two similar civil rights complaints in this court, Case No. 09-3112 and Case No. 09-3113. In each of those cases, the court screened the complaint and granted plaintiff thirty (30) days to satisfy the filing fee requirement and cure the

---

[1] Plaintiff was assessed a district court filing fee of $350.00 and appellate court filing fee of $455.00 in Garza v. Bandy, Case No. 08-3084 (D. Kan. May 16, 2008), aff'd, Case No. 08-3152 (10th Cir. Aug. 13, 2008). He has submitted several partial payments toward these obligations. He must pay the amounts that remain owing in Garza v. Bandy first, and then payments will continue to be deducted in order for him to pay the full filing fee for this case.

deficiencies in the complaint. Plaintiff was informed that if he chose to cure deficiencies by filing an Amended Complaint, he was to file the Amended Complaint upon forms provided by the court and that the existing case number must be written at the top of the first page on the forms.

Plaintiff thereafter submitted three new civil rights complaints on forms, including these two. No existing case number was written on the first page of any of the new complaints. The Clerk thus filed the new pleadings as three new cases[2].

Plaintiff is directed to very carefully read and follow the court's directions in its orders and the instructions on the § 1983 forms. He is to always include a single case caption on any materials he sends to the court for filing in a pending case. The case caption on any motion or other filing must be precisely the same as the caption on the complaint. Plaintiff must prepare and retain copies of all that he files. Hand-written copies are accepted by this court.

Having reviewed the foregoing morass of filings, the court wondered if plaintiff actually intended to have the instant complaints filed as new cases, or if they were meant to be Amended Complaints in either Case No. 09-3112 or 09-3113. Since these complaints were filed with no case number and the case caption does not match the caption in either 09-3112 or 09-3113, the court considers them as new complaints. In Case Nos. 09-3112 and 09-3113,

---

[2] Plaintiff also submitted two documents with no case caption and nothing other than the Clerk of the Court's name at the top. The court directed the clerk to copy and file these papers as plaintiff's Responses in Case Nos. 09-3112 and 09-3113 because they discussed his claims in those cases. Those cases have been dismissed based on the court's finding that plaintiff failed to satisfy the filing fee prerequisites as ordered in each case.

plaintiff was not assessed a filing fee.  This is partly because his new cases appear to raise the same claims as his earlier cases. However, Mr. Garza is forewarned that if he continues to improperly submit what appear to be separate complaints raising repetitive claims, he will be assessed a $350.00 filing fee for each separate complaint he submits that does not have an existing case number and case caption written on its first page.

**SCREENING**

Because Mr. Garza is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds this consolidated action is subject to being dismissed for reasons that follow.

**IMPROPER DEFENDANTS**

As plaintiff has previously been informed, individual persons, not facilities or entities, are the proper defendants in a § 1983 suit.  Defendants LCMHF and CCS are clearly subject to being dismissed for the reason that neither is a "person" subject to suit under Section 1983.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66, 71 (1989)(neither state nor state agency is a "person" which can be sued under Section 1983); Davis v. Bruce, 215 F.R.D. 612, 618 (D.Kan. 2003), aff'd in relevant part, 129 Fed.Appx. 406, 408 (10th Cir. 2005).  Suits against the states and their agencies, are barred, absent consent, regardless of the relief sought.  Puerto

5

Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993); Cory v. White, 457 U.S. 85, 90-91 (1982). These defendants shall be dismissed from this consolidated action.

**FAILURE TO ALLEGE PERSONAL PARTICIPATION**

The only "person" named as a defendant in this lawsuit is Warden Karen Rohling. However, defendant Rohling is not alleged to have been the person from whom plaintiff requested medical treatment over the past six years. Nor is she alleged to have been the person charged with diagnosing plaintiff's medical needs and providing necessary treatment to plaintiff over all that time. In fact, it appears that plaintiff was not confined at LCMHF where defendant Rohling is Warden for all of the past six years[3]. Plaintiff may not be awarded money damages from defendant Rohling for acts or inactions taken by other persons at LCF or even other persons at LCMHF. Plaintiff has not alleged any facts showing defendant Rohling's personal participation in the alleged denial of medical treatment. Plaintiff will be given time to file a "Supplement" to his Complaint[4] in which he alleges additional facts showing defendant Rohling's personal participation. If he fails to properly respond in the time provided, this action may be dismissed without further notice.

---

[3] Clearly, different medical staff persons would have been involved within a different time frame in providing medical care to plaintiff while he was confined at LCF, than are involved now that he is at LCMHF.

[4] This "Supplement to Complaint" must have Case No. 09-3144 written in the caption.
If plaintiff wishes to sue different defendants in this case, he must file an "Amended Complaint". An Amended Complaint must set forth all his claims and all defendants he intends to sue. This is because an Amended Complaint completely supercedes the original complaint, and the original complaint is not considered further. An Amended Complaint must be upon forms provided by the court.

6

**FAILURE TO ALLEGE SUFFICIENT FACTS TO STATE A CLAIM**

Moreover, plaintiff's allegations that he has had pain for six years and nothing was done to alleviate his pain after many requests are completely conclusory. Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. Haines v. Kerner, 404 U.S. 519 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Id. However, the court cannot assume the role of advocate for the pro se litigant, and a broad reading of the complaint does not relieve the plaintiff of the burden of alleging sufficient facts to state a claim on which relief can be based. Id.

In order to state sufficient facts to support a constitutional claim of denial of medical treatment, plaintiff must allege facts indicating what symptoms he has presented to medical staff, the name of the medical staff person or persons from whom he requested medical treatment, the dates of his requests, and the responses he received. His attachment to one complaint seems to suggest some possible witnesses. If he is suggesting instead that any of the persons named in his attachment actually denied him medical treatment, he has not properly named them as defendants in this lawsuit. He has not included them in the caption, has not provided information for them in Section 2, and has not described in the body of his complaint any personal acts by them that actually resulted in the denial of his requests for necessary medical treatment.

In sum, plaintiff has named two defendants not properly sued

under § 1983 who must be dismissed, and one defendant who is not alleged to have personally participated in any denial of medical treatment. Plaintiff is given time to file a "Supplement" to his Complaint. Therein, he must allege additional facts sufficient to show a federal constitutional violation by defendant Rowling. As noted, if he fails to properly respond in the time provided, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff's Applications to Proceed in forma pauperis (Doc. 2 in both cases) are granted, and plaintiff is assessed one full filing fee for this consolidated action of $350.00, to be paid with payments automatically deducted from his inmate account after he has satisfied his prior fee obligations.

**IT IS FURTHER ORDERED** that Case No. 09-3145 and Case No. 09-3144 are consolidated for all purposes, with Case No. 09-3144 being the lead case.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied as against defendant LCMHF and defendant CCS because they are not "persons" to be sued under § 1983.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to file a "Supplement" to his complaint setting forth facts showing defendant Rohling's personal participation in the alleged denial of his medical treatment and additional sufficient facts to support a federal constitutional claim of denial of medical treatment by defendant Rohling.

**IT IS SO ORDERED.**

Dated this 9th day of September, 2009, at Topeka, Kansas.

8

>  s/Sam A. Crow
>  U. S. Senior District Judge